**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
----------------------------------------------------------------X
MONTAUK U.S.A., LLC and MARK HOROWITZ,

                              Plaintiff,                                   **ORDER**

        -against-                                     CV 17-4747 (SJF) (AKT)

148 SOUTH EMERSON ASSOCIATES, LLC and
MICHAEL MEYER,

                              Defendants.
----------------------------------------------------------------X
**A. KATHLEEN TOMLINSON, Magistrate Judge:**

      The Court met with counsel for the parties in this matter on December 19, 2018 to address (1) Defendants' motion for a protective order [DE 144] and (2) a motion to withdraw as counsel by Nixon Peabody [DE 152]. *See* DE 161. At that conference, the Court read into the record its decision granting Defendants' motion for a protective order. The Court also granted Nixon Peabody's motion to withdraw.

      The day prior to the December 19, 2018 conference, Plaintiffs' counsel filed a letter motion [DE 158] seeking an order compelling (1) 148 South Emerson Associates, LLC ("Associates") to designate a Rule 30(b)(6) deponent, and (2) answers to certain deposition questions posed to non-party witnesses Michael Meagher ("Meagher") and Stephen Smith ("Smith") – namely, questions regarding payment of legal fees and communications with third-parties – which Plaintiffs argue are not in any way privileged. After hearing briefly from both sides regarding the application, the Court granted the request of Defendants' counsel to have an opportunity to respond to the motion in writing. *See* DE 161. The Court also directed Plaintiffs' counsel to provide the complete transcripts for the depositions of Meagher and Smith, which counsel subsequently did. *See id.*

On December 28, 2018, Defendants filed a response [DE 162] to Plaintiffs' motion to compel, arguing that Associates should not be compelled to designate a Rule 30(b)(6) deponent because (1) Associates is owned solely by Meagher and Drew Doscher ("Doscher"), each with 50% interests, (2) Doscher owns 100% of Plaintiff Montauk U.S.A., LLC, and (3) Meagher was allegedly excluded by Doscher from the management of Associates from approximately 2013 onward.  To produce such a witness, Defendants argue, would require Associates to designate either Doscher – who has an inherent conflict of interest with Associates given his sole ownership of the entity suing Associates – or, alternatively, Meagher, who lacks inherent knowledge of the operations because of his exclusion at the hands of Doscher.  *See* DE 162.

In further support of their contention that Meagher and Smith should be required to answer certain deposition questions, Plaintiffs made another filing [DE 163] on January 2, 2019, along with the complete transcripts of the depositions of Meagher and Smith.  Plaintiffs maintain that there is no privilege with respect to the payment or amount of legal fees, and further argue that questions as to whether a communication with counsel took place – as opposed to questions about the substance of a communication – are not covered by the attorney-client privilege.  *See* DE 163.  On January 11, 2019, Defendants submitted opposition to Plaintiffs' motion to compel deposition responses [DE 165], arguing that neither Meagher nor Smith should be forced to answer questions about payment or amounts of legal fees because such questions are irrelevant and improper.  Defendants further asserted that all questions regarding communications with counsel are protected by the attorney-client privilege.  *See* DE 165.  Defendants also ask the Court for attorneys' fees and costs in responding to the motion.  *See id.*

With respect to Plaintiffs' motion to compel Associates to designate a Rule 30(b)(6) deponent, the Court finds Defendants' arguments persuasive.  Given the unique posture of this

case, most notably the inherent conflict of interest between Doscher as sole owner of Plaintiff Montauk U.S.A., LLC, and Defendant Associates, co-owned by Doscher and Meagher, the Court finds that it would be impractical for Associates at best – and unduly prejudicial to Associates at worst – to force Associates to designate a Rule 30(b)(6) deponent here.  Given these circumstances, it appears there is a strong likelihood that neither Doscher (who is inherently conflicted with Associates) nor Meagher (who is alleged to lack information as to significant portions of Associates' operations) would be able to accurately testify on behalf of Associates.

Moreover, as a practical matter, "[i]n the case of many closely held corporations, the knowledge of an individual concerning a particular subject also constitutes the total knowledge of the entity." *Sabre v. First Dominion Capital, LLC*, No. 01 CIV. 2145, 2001 WL 1590544, at *2 (S.D.N.Y. Dec. 12, 2001); *A.I.A. Holdings, S.A. v. Lehman Bros.*, No. 97 CIV. 4978, 2002 WL 1041356, at *3 (S.D.N.Y. May 23, 2002) ("[C]ommon sense teaches that in the case of relatively small, closely-held entities . . . there may be no difference between the knowledge of the entity and the knowledge of its principals.").  In light of the fact that the only two individuals who have knowledge of Associates' operations are available for deposition, and to the Court's understanding have already been deposed, there is little if any risk of unduly prejudicing Plaintiffs in this situation.  The Court finds that Plaintiffs are not being deprived of information that is not otherwise obtainable.

For the foregoing reasons, the Court in its discretion DENIES Plaintiffs' motion to compel Associates to designate a Rule 30(b)(6) deponent.

The Court next addresses Plaintiffs' motion to compel responses from Meagher and Smith to deposition questions regarding (1) payment and amounts of attorneys' fees, and (2) communications with third-parties.  Having read through the deposition transcripts of both

Meagher and Smith, the Court finds that although some directives not to answer were appropriate, others were not proper under the provisions of the applicable Federal Rules. Counsel "may instruct a deponent not to answer only when necessary to preserve a privilege, to enforce a limitation directed by the court, or to present a motion under Rule 30(d)(3)." FED. R. CIV. P. 30(c)(2); *Weinrib v. Winthrop-Univ. Hosp.*, CV 14-953, 2016 WL 1122033, at *3 (E.D.N.Y. Mar. 22, 2016); *see Gould Investors, L.P. v. General Ins. Co. of Trieste & Venice*, 133 F.R.D. 103, 104 (S.D.N.Y. 1990)). The Court notes that Defendants' counsel did permit the witnesses to answer certain questions about communications with counsel and did not direct the witness not to answer until the questioning risked violating privilege.

"The fee arrangements between attorney and client do not ordinarily constitute a confidential communication and, thus, are not privileged in the usual case." *Royal Park Investments SA/NV v. Deutsche Bank Nat'l Tr. Co.*, No. 14-CV-04394, 2016 WL 2977175, at *6 (S.D.N.Y. May 20, 2016); *see In re Nassau Cty. Grand Jury Subpoena Duces Tecum Dated June 24, 2003*, 4 N.Y.3d 665, 679 (2005) ("[I]nformation about fees paid by the client are not generally protected under the [attorney-client] privilege, nor are communications regarding the payment of legal fees by a third person.") (internal quotation marks omitted); *Egiazaryan v. Zalmayev*, 290 F.R.D. 421, 430 (S.D.N.Y. 2013) (explaining that certain "e-mails do not reflect legal advice from [counsel] . . . Nor is there any other suggestion that they relate to obtaining legal advice. Instead, they relate to fee arrangements. Consequently, these e-mails are not protected by the attorney-client privilege").

Similarly, purely factual information generally does not fall within the ambit of the attorney-client privilege. Because the attorney-client privilege protects only the *substance* of communications made for the purpose of seeking legal advice, among other things, questions

4

pertaining to the *existence* of such communications generally are not covered by the privilege. *See Post v. Killington, Ltd.*, No. 2:07-CV-252, 2009 WL 9152163, at *5 (D. Vt. Jan. 14, 2009) ("[T]he remaining questions as identified in the Plaintiffs' reply brief do not seek the substance of communications, privileged or otherwise. Any deposition questions that seek purely factual information do not implicate attorney-client privilege."); *Haddock v. Nationwide Fin. Servs., Inc.*, No. 3:01-CV-1552, 2009 WL 3734059, at *1 (D. Conn. Nov. 6, 2009) ("[T]he [attorney-client] privilege only protects the *contents* of confidential communications between an attorney and her client; information relating to such a communication is outside the privilege's reach.") (emphasis in original). The Court points to several examples to make the distinction here.

    During the Meagher deposition, the following exchange took place:

Q.    Do you strategize with your counsel?

A.    We talk to counsel all the time, but more in terms of planning and –

MR. CATTERSON:    Don't answer that any further.

Q.    Okay. Have you talked to counsel Mr. Catterson and Mr. Burrows at their firm about this litigation?

MR. CATTERSON:    Don't answer that.

Q.    Have you talked to them "yes" or "no" about this litigation?

MR. CATTERSON:    That, you can answer.

A.    Yes.

Q.    When?

A.    Well, I was being subpoenaed in this action so, of course, I talked to counsel about, you know, what was required to comply and to –

MR. CATTERSON:    Don't answer anymore.

Q.    What about with respect to the litigation itself –

5

  A. No.

  Q. -- You've never had any communications with them?

  A. No.

Meagher Dep. at 22-24.  The Court finds that this exchange was perfectly appropriate with respect to the directives given by Defendants' counsel.  The questions which called for a "yes" or "no" response were not protected by privilege and counsel permitted the witness to answer.  The more an attorney attempts to go further into the subject area and substance of a communication, the more the directive not to answer is appropriate.

  Turning to the Smith Deposition, the Court provides the following example:

  Q. Did you sign a retainer agreement with them [Catterson, Burrow] concerning this case?

  MR. CATTERSON: Don't answer that.

  Q. Have you paid fees for this case?

  MR. CATTERSON: Asked and answered.  Don't answer it.

  Q. Have you paid fees for this case?

  MR. CATTERSON: Asked and answered.  Don't answer it.

  Q. When you paid fees for this case, did you ask what you were paying fees for?

  MR. CATTERSON: Don't answer it.

  Q. Have you seen a bill in this case?

  MR. CATTERSON: Don't answer it.

Smith Dep. at 30.  Directing the witness not to answer the questions regarding whether he had signed a retainer agreement and whether he had paid fees for this case was improper.  The questions called for a simple "yes" or "no" answer and the responses would have revealed only

facts. However, had Defendants' counsel gone beyond that point, a clear risk of invading the privilege would have arisen.

Having read through the two transcripts, the Court finds that the exchanges in the following sections of each transcript raise a question as to the propriety of the objections as well as to some of the continuing questions:

- Deposition of Meagher: 25: 2-17; 121: 8-21

- Deposition of Smith: 24: 20-25; 25: 2-11, 3-18; 26: 3-9; 30: 2-18; 171: 19 – 173: 3; 173: 23 – 174: 8

The Court is therefore GRANTING Plaintiffs' motion to compel to a limited extent. If Plaintiffs' counsel wishes to bring the witnesses back to answer the questions which fall within the Court's rulings above, counsel may do so. However, beyond purely factual responses, the Court is not giving counsel carte blanche to encroach upon the obvious privilege issue which would arise if counsel presses the witness to respond substantively to the next logical line of questioning. Plaintiffs' counsel is therefore on notice that any attempt to ask follow-up questions which exceed the scope of the questions identified in the above passages (e.g., questions posed as purported factual questions regarding certain communications which are, in reality, designed to elucidate the substance of those communications) will invite further action from this Court. This warning is particularly necessary in light of the Court's sense that the relevance of many of the questions posed to the underlying action is tenuous at best.

The Court declines to award attorneys' fees or costs to any party at this time.

**SO ORDERED.**

Dated: Central Islip, New York
      January 17, 2019

                                      /s/ A. Kathleen Tomlinson
                                      A. KATHLEEN TOMLINSON

7

United States Magistrate Judge